UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


BESSIE B. OTIS, ET AL.,                                          PLAINTIFFS


V.                                    CIVIL ACTION NO.  3:19-CV-779-KHJ-LGI


MISSISSIPPI SAND SOLUTIONS, LLC                          DEFENDANTS
ET AL.

ORDER

This action is before the Court on Plaintiffs' Motion to Amend [44] the Court's

Order [42] and Motion to Set Aside Judgment [54]. For these reasons, the Court

denies both motions.

I.      Background

Plaintiffs ask the Court to reconsider its Order [42] denying their Motion to

Remand [14] and granting Defendants Mississippi Sand Solutions, LLC ("MSS")

and Chicago Title Insurance Company's ("Chicago Title") Motions to Dismiss [10];

[5] under Federal Rules of Civil Procedure 59 and 60. Though Plaintiffs declined to

file any response to either of Defendants' Motions to Dismiss (even after requesting

an extension of time to do so),[1] they now question the Court's ruling on their claims

---

[1] Plaintiffs seek to excuse their failure to respond by stating "undersigned counsel believed
these matters to be stayed[.]" But the Court's Order Staying Discovery and Conference [22],
entered upon Plaintiffs' Motion to Remand [14] pursuant to Local Rule 16(b)(1)(B),
explicitly stayed only the attorney conference and disclosure requirements pending the
Court's ruling on remand. Nothing in the Court's Order [22] or Rule 16(b)(1)(B) suggests
dispositive motion practice would be stayed. In any event, the Court did not grant
Defendants' motions [5]; [10] as unopposed—it considered the legal sufficiency of Plaintiffs'
Complaint and found it lacking.

for malicious prosecution, civil conspiracy, and abuse of process. The Court will not reiterate all the factual allegations leading to this action here but will instead provide a brief synopsis and incorporate by reference the factual and procedural history as stated in its Order [42].

The Parties have been litigating about MSS's access to its land in Warren County, Mississippi for nearly six years. MSS bought the land in 2014 while its previous owner was engaged in litigation with Plaintiffs, who are adjoining landowners, to declare an easement over Plaintiffs' property. The previous owner dismissed his action without ever obtaining his easement, and Plaintiffs later obtained a declaratory judgment from the Chancery Court of Warren County that no one maintained an easement. MSS appealed and lost.

Plaintiffs allege, however, that MSS—at Kenneth Rector (MSS's attorney) and Chicago Title's direction—ignored the previous ruling and allowed contractors to haul tractor-trailers across their property. They therefore sued MSS for trespass in the Chancery Court of Warren County, Mississippi, and obtained judgment in their favor. MSS appealed and lost again.

While Plaintiffs did not name Rector or Chicago Title as defendants in their trespass action, they allege "after being served with the trespass action, *Defendants* conspired" together to file a "malicious Complaint" to Condemn Private Right of Way against Plaintiffs in the County Court of Warren County, Mississippi. [1-1], ¶ 16. Plaintiffs obtained a directed verdict; MSS appealed; and the Mississippi Supreme Court affirmed. That Defendants allegedly conspired to "deprive Plaintiffs

of their property rights" and acted unlawfully in initiating the action to Condemn Private Right of Way form the basis of this lawsuit. *Id.*, ¶ 19. Plaintiffs allege Defendants' conduct constituted malicious prosecution, civil conspiracy, gross negligence and negligence, malicious bad-faith insurance practices as to Chicago Title only, and abuse of process.

Defendants removed this action on diversity grounds and then moved to dismiss. [5]; [10]. This Court granted Defendants' motions on all counts and dismissed Plaintiffs' claims with prejudice on January 26, 2021. [42]. Plaintiffs now ask the Court to reconsider its rulings with respect to three of their claims.

## II.    Standard

The Court may evaluate "a motion asking the court to reconsider a prior ruling" under either Rule 59(e) or Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). "The rule under which the motion is considered is based on when the motion is filed. If [it] is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it [is] filed outside of that time, it is analyzed under Rule 60." *Id.* Plaintiffs filed their Motion to Amend [44] twenty-seven days after this Court entered Final Judgment [43], so it is analyzed under Rule 59(e). Plaintiffs filed their Motion to Set Aside Judgment [54] two months later, so it is analyzed under Rule 60(b).

### A.  Rule 59(e)

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three

possible grounds for altering a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C. v. Tunica Cnty*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008).

Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters" that a party has "already advanced." *Nationalist Movement v. Town of Jena*, 321 F.App'x 359, 364 (5th Cir. 2009). Rule 59(e) serves the "narrow purpose" of permitting a party to "correct manifest errors of law or fact" or "present newly discovered evidence." *Templet*, 367 F.3d at 478. Reconsideration is "an extraordinary remedy that should be used sparingly." *Nationalist Movement*, 321 F.App'x at 364. Before filing a Rule 59(e) motion, parties are cautioned to "evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

B. Rule 60(b)

Rule 60(b) is even "more stringent" than Rule 59(e). *Hayes v. Jani-King Franchising, Inc.*, No. 3:10-CV-382-CWR-LRA, 2012 WL 6738241, at *2 (S.D. Miss. Dec. 28, 2012). It permits a court to relieve a party from a final judgment, order, or proceeding for these reasons: "(1) mistake, inadvertence, surprise, or excusable

neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6).

"Several factors shape the framework of the court's consideration of a 60(b) motion: '(1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether – if the judgment was a default or a dismissal in which there was no consideration of the merits – the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack.'" *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993) (quoting *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981)); *see also Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1082 (5th Cir. 1984).

III.    Analysis

Plaintiffs ask the Court to revisit its ruling with respect to three of their claims. First, Plaintiffs contend both their malicious prosecution and civil conspiracy claims "should have been dismissed *without prejudice*," and request reconsideration of those two claims under Rule 59(e). *See* [45] at 5 (emphasis in original). Second, about three months after this Court dismissed Plaintiffs' abuse of process claim, the Mississippi Supreme Court clarified the applicable statute of limitations is three years—not the one-year statute of limitations that this Court applied. [54] at 2 (citing *Geico Casualty Co. et al., v. Stapleton*, No. 2019-IA-00478-SCT). Plaintiffs therefore request reconsideration of their abuse of process claim under Rule 60(b). The Court will consider each in turn.

A.  Malicious Prosecution

Plaintiffs contend the Court erred in dismissing their malicious prosecution claim with prejudice. To state a claim for malicious prosecution, Plaintiffs needed to plead facts showing Defendants acted with "malice in instituting the proceedings." *Allred v. Moore & Peterson*, 117 F.3d 278, 283 (5th Cir. 1997) (citing *Mississippi Rd. Supply Co. v. Zurich– Am. Ins. Co.*, 501 So.2d 412, 414 (Miss. 1987)). This Court held Plaintiffs failed to do so and dismissed their claim with prejudice.

Plaintiffs respond by reminding the Court that their claim rests on the allegation that Defendants "**intentionally, maliciously and willfully** maintained the [Condemnation] action knowing [they] would not and could not meet [their] burden of proof"—under the mistaken belief that this Court must "accept [this] allegation . .

6

. as true" and "must conclude" Defendants acted "intentionally and maliciously" on that basis. [45] at 7-8 (emphasis in original).

Plaintiffs are incorrect. This Court must accept as true all allegations in the Complaint, except for those allegations that are mere legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under this standard, a claim is not facially plausible without "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Conclusory allegations or legal conclusions masquerading as factual conclusions will not prevent a motion to dismiss." *Taylor v. Books A Million*, 296 F.3d 376, 378 (5th Cir. 2002).

*Newberry v. Champion*, No. 3:16-CV-143-DMB-RP, 2018 WL 1189398 (N.D. Miss. Mar. 7, 2018), is instructive on which type of allegations cannot state a claim for malicious prosecution. There, the Court explained:

> Newberry alleges that the defendants "**acted recklessly and with malice in instituting the proceedings without probable cause**." . . . [I]n his amended complaint, Newberry alleges malice in a conclusory fashion without any factual allegations. Such conclusory allegations cannot survive a motion to dismiss. *See Turner v. Lieutenant Driver*, 848 F.3d 678, 685 (5th Cir. 2017) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

*Id.* at *5 (emphasis supplied). Like this Court, the *Newberry* Court dismissed the malicious prosecution claim with prejudice. *Id.; see also Seibert v. Travelers Cas. & Sur. Co. of Am.*, No. 1:14-CV-188-KS-MTP, 2018 WL 2770659, at *5 (S.D. Miss. Mar. 29, 2018) (dismissing with prejudice plaintiff's bad faith claim for failure to plead sufficient facts to satisfy the malice element, holding, "Plaintiff has not

alleged any actions by Defendant which rise to the level of malice or gross negligence in disregard of her rights. Instead, her pleading is rife with conclusory allegations without supporting specific factual allegations.").[2] This Court correctly determined Plaintiffs' conclusory allegation of malice could not survive Rule 12(b)(6) scrutiny.

And the Court's decision to dismiss *with prejudice*, rather than allow Plaintiffs the chance to "choose to refile their legal claims," was not in error. [45] at 9. Because the district court is "best situated to determine when plaintiffs have had sufficient opportunity to state their best case," the Fifth Circuit reviews its "decision to grant a motion to dismiss with or without prejudice only for abuse of discretion." *Alsenz v. Aurora Bank, FSB*, 641 F. App'x 359, 363 (5th Cir. 2016) (citing *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 215 n. 34 (5th Cir. 2009)). Along that line, when a party "gives no indication that he did not plead his best case in his complaint," but "consistently 'declares the adequacy of his complaint . . . even after he was on notice it might not be sufficient to state a cause of action,'" and "fail[s] to explain what facts he would have added or how he could have overcome the

---

[2] Plaintiffs say this Court further erred in its "legal reasoning" by relying on *Gatheright v. Barbour*, No. 3:16-CV-00003-GHD-RP, 2017 WL 507603, at *9 (N.D. Miss. Feb. 6, 2017), *aff'd*, 706 F.App'x 193 (5th Cir. 2017), to dismiss their malicious prosecution claim—claiming *Gatheright* "did not involve malicious prosecution" at all and "the factual arguments are of no similar comparison to those alleged in the case at bar." [45] at 9. Parties are cautioned to conduct a careful review of case law prior to submitting their briefing. Even a cursory glance over *Gatheright* reveals the plaintiff, like Plaintiffs here, alleged "malicious prosecution" and "abuse of process." *Id.* And in its analysis dismissing plaintiff's malicious prosecution claim, the *Gatheright* Court, like this Court, concluded, "any claims . . . for malicious prosecution and malice in law fail on their merits, because Plaintiff has not alleged facts demonstrating that any of the Defendants in this case acted with malicious conduct or intentionally wrongfully against him, without just cause or excuse." *Id.* at *10.

deficiencies . . . if he had been granted an opportunity to amend," the district court properly dismisses with prejudice. *Id.* (quoting *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009), *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986)).

That is exactly what happened here. Plaintiffs never amended their Complaint as a matter of right; never asked for leave to amend even after both Defendants moved to dismiss (and in fact, as stated above, did not respond to either motion at all); and, even now, do not specify how they would amend their Complaint if given the opportunity to overcome a without-prejudice dismissal. They have not expressly stated a single fact they would add or sought to show how additional facts could remedy the deficiencies that both Defendants and this Court have identified. Instead, Plaintiffs repeatedly declare their original Complaint is adequate. *See* [45] at 8 ("Plaintiffs alleged they intentionally and maliciously failed to undertake the required legal action before engaging in actions of malicious prosecution. These allegations alone require that the claims . . . should not have been dismissed with prejudice."). In so insisting, Plaintiffs themselves all but concede they have already "state[d] their best case." *Club Retro, L.L.C.*, 568 F.3d at 215 n. 34.

Dismissing Plaintiffs' malicious prosecution claim without prejudice would do nothing but prolong the inevitable. This Court correctly dismissed it with prejudice.

B. Abuse of Process

Plaintiffs also ask the Court to set aside its dismissal of their abuse of process claim under Rule 60(b) because, after this Court entered Final Judgment [43], the Mississippi Supreme Court clarified that an abuse of process claim is subject to

Mississippi's general three-year statute of limitations. [54] (citing *GEICO Casualty Co., et al. v. Stapleton*, No. 2019-IA-00478-SCT). In its Order, this Court followed *Sullivan v. Boyd Tunica, Inc.*, No. 2:06CV016–B–A, 2007 WL 541619, *3 (N.D.Miss. Feb. 16, 2007), applying a one-year statute of limitations to find Plaintiffs' cause of action accrued on September 20, 2017, and expired on September 20, 2018—a year and 12 days before Plaintiffs filed their Complaint. [42] at 10.

Plaintiffs do not specify under which of Rule 60(b)'s six grounds they seek relief. They broadly state, "there are grounds to set aside the Court's Order under Rule 60(b)(1), (2), (3), (4), (5), and (6)," but then argue only that the Mississippi Supreme Court's correction of the decisional law supports their relief. [55] at 2. The Fifth Circuit has analyzed motions asserting a change in decisional law under the catch-all clause of Rule 60(b)(6), which states that a court may "relieve a party . . . from a final judgment . . . for . . . any other reason justifying relief from the operation of the judgment." *See, e.g., Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995).

Critically, the Fifth Circuit has "narrowly circumscribed" the availability of Rule 60(b)(6) relief—granting it "only if extraordinary circumstances are present" and holding the "general rule" is that "a change in decisional law will not ordinarily warrant Rule 60(b)(6) relief." *Id.* at 748 (citing *Overbee v. Van Waters & Rogers*, 765 F.2d 578, 580 (6th Cir. 1985) ("Numerous courts have held that the mere showing of a change in the law is not enough to demonstrate such an extraordinary situation when the judgment has become final.")); *see also Bailey v. Ryan*

*Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990) ("A change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment.") (citing cases).

Defendants argue, "Plaintiffs, who simply point to a change in decisional law in support of their motion, cannot show 'extraordinary circumstances' are present." [58] at 4. Plaintiffs sought a 17-day extension of time to file their Reply [60] until June 7, 2021, which the Court granted in part—extending Plaintiffs' deadline until May 27, 2021. *See* Text Only Order (5/20/21). Plaintiffs ignored the Court's Order and waited until June 7, 2021, the date *they* requested, to file their Reply [61]. This Court will not consider briefing filed eleven days late. Having made no timely attempt to show "extraordinary circumstances" as the Rule requires, Plaintiffs fail to convince the Court their case falls within the "narrow" availability of 60(b)(6) relief.

Even assuming extraordinary circumstances exist, the Mississippi Supreme Court's clarification of decisional law on the statute of limitations does not save Plaintiffs' abuse of process claim from dismissal. To state a claim for abuse of process, these elements must be present: "(1) a party makes an illegal use of a legal process; (2) the party has an ulterior motive; and (3) damage results from the perverted use of process." *Ayles ex rel. Allen v. Allen*, 907 So. 2d 300, 303 (Miss. 2005). In support of their claim, Plaintiffs allege because Defendants "brought their Complaint to Condemn Private Right of Way . . . without having attempted to negotiate the purchase of any easement from adjoining landowners," they "made an

11

illegal, unwarranted, and unauthorized use of process." [1-1], ¶ 45. They allege
Defendants "had an ulterior motive in bringing this claim in the manner it [sic] did
in an attempted [sic] violate these Plaintiffs' property rights." *Id.*

But Defendants correctly point out that where "an abuse of process claim is
based simply on the filing of a lawsuit," as is the case here, "it cannot be said that
process of the court has been abused by accomplishing a result not commanded by it
or not lawfully obtainable under it." *Austin Firefighters Relief & Ret. Fund v.
Brown*, 760 F. Supp. 2d 662, 676-77 (S.D. Miss. 2010). The mere institution of an
action—even when parties disagree over its factual or legal basis—is not itself an
illegal use of process. *See Gatheright v. Clark*, 680 F.App'x 297, 302 (5th Cir. 2017)
("Where a claim is based solely on the filing of a suit, and not on any perversion of
the process once process issues, a claim for abuse of process will fail."); *Edmonds v.
Delta Democrat Publ'g Co.*, 93 So. 2d 171, 175 (Miss. 1957) (Where "the only process
involved was a simple summon to defend the suit," a claim for abuse of process will
not lie. Rather, an illegal use of process occurs when a party seeks to "compel
[another] to give up possession to some thing or value, *when such were not the legal
objects of the suit*."); *see also Bracey v. City of Jackson, Mississippi*, No. 3:16CV657-
DPJ-FKB, 2017 WL 1086117, at *2 (S.D. Miss. Mar. 20, 2017) (dismissing claim
with prejudice because it was "not based on any perversion of any process[;] rather,
it was based simply on the filing of the suit. . . . [T]he only process involved in this
case was the summons. There were no arrests made, and there was no seizure of
property.").

12

Plaintiffs' Complaint fails to show Defendants were motivated by anything but their desire to secure access over the subject property. While Plaintiffs view this as an "attempt [to] violate [their] property rights," it is not an illegal use of process. [1-1], ¶ 45. Their "property rights" *were* themselves the "objects of the suit." *Edmonds*, 93 So. 3d at 175. Moreover, the misconduct Plaintiffs complain of in the first place is Defendants' failure to "negotiate the purchase of an easement from adjoining landowners" before bringing their action to Condemn Private Right of Way across Plaintiffs' land. But only conduct that occurs *after* the action is instituted supports a claim for abuse of process. *See In re Johansen*, No. 17-50738-NPO, 2019 WL 2618066, at *4 (Bankr. S.D. Miss. June 26, 2019) (dismissing claim because "the focus of the tort of abuse of process is on the improper use of process after it has been issued.") (citing *Miles v. Paul Moak of Ridgeland, Inc.*, 113 So. 3d 580, 586-87 (Miss. Ct. App. 2012)).[3]

This Court therefore finds that even if Plaintiffs' abuse of process claim is timely under the Mississippi Supreme Court's revisited statute of limitations, it fails on the merits. This Court properly dismissed their abuse of process claim.

C.  Civil Conspiracy

Plaintiffs contend that because at least one of their other claims should have survived dismissal, the derivative tort of civil conspiracy should be allowed to tag along. But for the reasons stated above, the Court correctly dismissed Plaintiffs'

---

[3] Defendants raised these arguments at the motion to dismiss stage and in response to Plaintiffs' Motion to Set Aside Judgment [54], and Plaintiffs failed to respond at either juncture.

malicious prosecution and abuse of process claims. Their derivative civil conspiracy claim necessarily fails. *See Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 402 (5th Cir. 2013) (liability for civil conspiracy "depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable."); *M St. Investments, Inc. v. Zurich Am. Ins. Co.*, No. 3:13-CV-878 DCB-MTP, 2014 WL 1326105, at *3 (S.D. Miss. Mar. 28, 2014) (when a plaintiff fails to state a claim for the action underlying the alleged civil conspiracy, "the civil conspiracy claim must also be dismissed."). After reconsideration, this Court finds it correctly dismissed Plaintiffs' civil conspiracy claim.

IV.     Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the reasons stated, Plaintiffs' Motion to Amend [44] and Motion to Set Aside Judgment [54] are DENIED. This case is dismissed with prejudice.

SO ORDERED AND ADJUDGED this the 7th day of June, 2021.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE

14